IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:16-cr-00475-HZ-1 |
| Plaintiff, | ORDER |
| v. | |
| TIMOTHY JOSEPH CULPEPPER, | |
| Defendant. | |

HERNÁNDEZ, District Judge:

Defendant Timothy Joseph Culpepper moves the Court to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i).[1] The Government opposes Defendant's motion. Because Defendant has not met his burden to demonstrate that extraordinary and compelling reasons exist to reduce his sentence, the Court denies Defendant's Motion to Reduce Sentence.

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25

---

[1] The Government concedes that Defendant has satisfied the exhaustion requirement of the statute. *See* 18 U.S.C. § 3582(c)(1)(A).

1 – ORDER

(2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). However, with the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to also allow a defendant, after first requesting the BOP move for a reduction on his or her behalf, to directly move the district court for a sentence reduction:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) Extraordinary and compelling reasons warrant such a reduction; [ . . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and "family circumstances." U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statement, however, only applies to § 3582(c)(1)(A) motions filed by the BOP Director on behalf of a defendant. *Aruda*, 993 F.3d at 802. On a defendant's direct motion for compassionate release, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id.* (citation omitted). As a result, the court may consider any extraordinary and compelling reason for release that a defendant raises. *Id.*

Defendant has served just over half of a seventy-two-month sentence for distribution of child pornography. Judgment 1–2, ECF 44. Defendant's projected release date is in June 2023. Def. Mot. 1, ECF 48; Gov. Resp. 2, ECF 52. Defendant seeks compassionate release based on the risk of COVID-19 re-infection.

Defendant is housed at FCI Englewood in Colorado. Gov. Resp. 2. He is obese and suffers from high blood pressure, high blood sugar, and has a history of smoking. Currently, FCI Englewood has no inmates infected with COVID-19, and one staff member is infected with COVID-19.[2] FCI Englewood houses 939 total inmates, and 814 of them are located at the FCI and federal detention center.[3] According to BOP data, 707 of FCI Englewood's inmates—more than seventy-five percent—are fully vaccinated and 135 members of its staff are fully vaccinated.[4] Although Defendant has been infected with COVID-19 before and he is fully vaccinated against COVID-19, Defendant argues that his risk of COVID-19 re-infection and/or sequelae of his initial infection is an extraordinary and compelling reason to reduce his sentence to time served. Def. Mot. 2–3. The Court finds that the circumstances Defendant describes do not present an extraordinary and compelling reason to reduce Defendant's sentence to time served.

///

///

///

///

---

[2] *COVID-19 Cases*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last updated Aug. 31, 2021). According to the BOP, 560 inmates and 76 staff members at FCI Englewood have recovered from COVID-19. *Id.*

[3] *FCI Englewood*, Bureau of Prisons, https://www.bop.gov/locations/institutions/eng (last visited Aug. 31, 2021).

[4] *COVID-19 Vaccine Implementation*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last updated Aug. 31, 2021).

3 – ORDER

## CONCLUSION

The Court DENIES Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [70] without prejudice and with leave to seek reconsideration if circumstances change.

IT IS SO ORDERED.

DATED:__August 31, 2021__.

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge

4 – ORDER